**Electronically Filed
Supreme Court
SCAD-14-0001333
11-DEC-2015
08:28 AM**

SCAD-14-0001333

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

ANDRÉ S. WOOTEN,
Respondent.

---

ORIGINAL PROCEEDING
(ODC 11-025-8949, 11-065-8990, 12-041-9057)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, and McKenna, JJ.,
Circuit Judge Toʻotoʻo, in place of Pollack, J., recused,
and Circuit Judge Nakasone, in place of Wilson, J., recused)

Upon consideration of the December 2, 2014 report submitted by the Disciplinary Board of the Hawai‘i Supreme Court, the exhibits appended thereto, the briefs submitted to this court, the allegations made by the Office of Disciplinary Counsel in its Summons and Petition, and the record in this matter, we make the following Findings of Fact and Conclusions of Law based upon clear and convincing evidence.

In ODC Case No. 11-025-8949, Respondent Wooten charged a non-refundable retainer fee, in violation of Rule 1.15(d) of

the Hawaiʻi Rules of Professional Conduct (HRPC) (1994).[1] Respondent Wooten did not communicate in a reasonable and timely manner with his client regarding her request to amend the initial complaint filed in her lawsuit, and did not inform her he had decided to postpone further work on her case until further payment of his retainer was received, in violation of HRPC Rules 1.4(a) and 1.4(b). Respondent Wooten did not amend the complaint until after both the expiration of the October 27, 2005 deadline imposed by the Equal Employment Opportunity Commission on litigating the underlying claims, or the November, 2005 running of the two-year statute of limitations of his client's assertion of her defamation and slander claims, and the United States District Court for the District of Hawaiʻi relied in part, when dismissing his client's suit, on the fact the claims against two of the defendants were time-barred due to the late filing of the amended complaint, grounds which were affirmed by the United States Court of Appeals for the Ninth Circuit, conduct which violated HRPC Rule 1.3. We note Respondent Wooten's client, in her initial complaint to the Office of Disciplinary Counsel (ODC), complained of Wooten's failure to offer to refund her fees for what she deemed sub-standard services, but that the record does not contain any evidence she requested from Wooten an

---

[1] All citations to the HRPC in this order are to the 1994 version of the Rules.

accounting of the fees earned by him over the course of the representation, nor did ODC allege the fees charged were unreasonable, and further note the record does contain reasonable assertions by Wooten the fees were fully earned, and therefore decline to find a violation of HRPC Rule 1.15(f)(3). See ODC v. Manuia, SCAD-13-136 Docket 13:4.

In ODC Case No. 11-065-8990, Respondent Wooten inadvertently overpaid a client an award in a settlement of an insurance claim, thereby overdrawing his client trust account, in violation of HRPC Rule 1.15(d), though we further find the incident was due to negligence or inattention and not based upon a selfish or dishonest motive. Respondent Wooten also did not maintain a subsidiary ledger of the client's funds, in violation of HRPC Rule 1.15(g)(2). The record, however, does not support the conclusion that Respondent Wooten violated HRPC Rule 1.15(c) by allegedly failing to promptly remove his contingency fee from the client trust account but, rather, that he promptly removed the funds but erroneously provided his client with a portion of them.

In ODC Case No. 12-041-9057, Wooten, in responding to an order to show cause from the Intermediate Court of Appeals (ICA) arising from his failure to file an opening brief in a timely manner, failed to obey a directive of the ICA, in violation of HRPC Rule 3.4(e), by filing his response to the

3

court's order as an unsigned "memorandum of explanation," rather than as an affidavit or a declaration, as expressly required by the order.

In aggravation, we find multiple violations in the present matter and two prior disciplines by this court, reflecting a pattern of conduct that failed to meet the professional standards of organization, efficiency, diligence, and promptness required of an attorney, despite Respondent Wooten's substantial number of years in practice.

In mitigation, we note Respondent Wooten's misconduct does not arise from a selfish or dishonest motive, and note his role as an advocate for the underserved members of the community, and his cooperative attitude during the disciplinary investigation and proceedings.

Finally, we conclude there was nothing improper about the timing of this disciplinary proceeding in relation to the earlier disciplinary proceedings concluded against Respondent Wooten on February 15, 2013 (hereinafter, "the 2010 proceedings"). The complaint for the earliest of the three instant matters, in ODC Case No. 11-028-8949, was not received by ODC until December 9, 2010, more than three months after the 2010 proceedings had commenced with the August 26, 2010 issuance of the summons and petition in that matter. ODC was notified of the second of the three instant matters, ODC Case No. 11-065-8990, on

4

May 3, 2011, while the 2010 proceedings were engaged in hearings. The most recent of the three instant matters, ODC Case No. 12-041-9057, was received from the ICA on August 20, 2012, after the 2010 proceedings had concluded hearings and the matter had been submitted to this court for disposition. ODC cannot be faulted for pursuing the earlier disciplinary proceedings even as new complaints of misconduct against Respondent Wooten were brought to ODC's attention.

In sum, upon review of the record and the pattern of misconduct evidenced by it, we conclude a substantial period of suspension is necessitated to protect the public. See Akinaka v. Disciplinary Bd. of the Hawaiʻi Supreme Court, 91 Hawaiʻi 51, 55, 57-58, 979 P.2d 1077, 1081, 1083-84 (1999). Therefore,

IT IS HEREBY ORDERED that Respondent André S. Wooten is suspended from the practice of law in this jurisdiction for six months, effective 30 days after the entry date of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS HEREBY FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Wooten shall pay all costs of these proceedings as approved upon timely submission of a bill of costs, as authorized by RSCH Rule 2.3(c).

IT IS FURTHER ORDERED that Respondent Wooten shall, within 10 days after the effective date of his suspension, file with this court an affidavit in full compliance with RSCH Rule 2.16(d).

IT IS FINALLY ORDERED that, in light of the pattern and nature of the misconduct underlying Respondent Wooten's suspension, proof of completion of the audit of his practice by the Practicing Attorneys Liability Management Society (PALMS) and of adoption of its recommendations must accompany any affidavit submitted by Respondent Wooten, pursuant to RSCH Rule 2.17(b)(2), to obtain reinstatement.

DATED: Honolulu, Hawaiʻi, December 11, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Faʻauuga Toʻotoʻo

/s/ Karen T. Nakasone

